UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BROOKE C. DELENCH
  Plaintiff

V.

KIMBERLY ARCHIE
  Defendant

CIVIL ACTION NO. 1:18-CV-12549-LTS

MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION
TO CONDUCT DISCOVERY PRIOR TO THE TIME SPECIFIED IN RULE 26(d)(1)

I.     NATURE AND STATUS OF PROCEEDINGS

Plaintiff Brooke de Lench ("Ms. de Lench") filed the above-captioned action on December 12, 2018 claiming that she was defamed by defendant Kimberly Archie ("Ms. Archie") in a series of "tweets" on the social media platform, Twitter, in which she falsely accused Ms. de Lench of using anonymous, so-called "burner" Twitter accounts to harass families of athletes found after death to have been suffering from chronic traumatic encephalopathy ("CTE"), a neurological disease linked to repetitive head impacts in sports like tackle football. According to the Complaint, the anonymous tweets Ms. Archie falsely attributed to Ms. de Lench specifically targeted Ms. Archie, whose son died in a motorcycle accident in 2014 and was subsequently diagnosed with CTE.

The Summons and Complaint were served on Ms. Archie on January 22, 2019. Dkt. 5. She has until March 4, 2019 to file an Answer or otherwise plead. A Rule 26(f) conference has not yet been scheduled.

1

For the reasons stated below, Ms. de Lench now moves this Court on an emergency basis, pursuant to Fed. R. Civ. P. 26(d)(1) and 45, and L.R. 7.1(a)(2) and (c), 26.2(a) and(c), for an order allowing her to obtain limited non-party discovery from Twitter, Inc. prior to the time specified in Fed. R. Civ. P. 26(b)(1).

## II.   ARGUMENT

### A.   The Court Should Allow Ms. de Lench To Request Account Information from Twitter Before It Is Destroyed.

Although the Federal Rules of Civil Procedure generally prohibit discovery from occurring before the parties conduct a Rule 26(f) conference, a court may enter an order allowing early discovery. See Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … by court order.").

In determining the reasonableness of such requests, courts in this district consider a variety of factors including "the purpose for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity." Momenta Pharm., Inc. v. Teva Pharm. Indus. Ltd., 765 F. Supp. 2d 87, 89 (D. Mass. 2011), quoting McMann v. Doe, 460 F. Supp. 2d 259, 265 (D. Mass. 2006). The requested discovery should be narrowly tailored to address the immediate issues and asserted irreparable harm. See Fed. R. Civ. P. 26(b)(1).

The purpose of the limited discovery here is narrowly tailored to obtain records from Twitter of information sufficient to identify the individual(s) who created, controlled, maintained, or operated the Twitter accounts which Defendant claims were created, controlled,

2

maintained, or operated by Plaintiff from which the alleged harassing tweets were sent, or accounts which Plaintiff has reason to believe were opened by Defendant, including names, addresses, email addresses, phone numbers, Internet Protocol (IP addresses), and Media Access Control (MAC) addresses. Affidavit of Brooke de Lench, ¶2; Exhibit A.

Given Twitter's real-time nature, some information (e.g. IP logs) may only be kept for a very brief period of time. Likewise, once an account has been deactivated, there is a very brief period in which Twitter may be able to access account information. Id., ¶3; Exhibit B. One of the Twitter accounts which Defendant has attributed to Ms. de Lench (@danconner76) was deactivated on or about February 7, 2019. Id., ¶4. As a result, unless Plaintiff is afforded the opportunity to conduct limited discovery from Twitter before the Rule 26(f) conference, she will suffer irreparable harm by being deprived of the information about the burner accounts she needs to affirmatively establish that they are not her accounts, as Defendant has asserted. Id., ¶5.

Such limited, tailored discovery will not pose any burden on Defendant, and is not substantially premature, as Plaintiff anticipates that the Rule 26(f) conference will be scheduled in the very near future.

WHEREFORE, plaintiff Brooke de Lench, respectfully requests that the Court permit her to serve a records keeper subpoena on Twitter, Inc. seeking documents regarding twelve (12) current and recently deactivated accounts.

> Respectfully submitted,
>
> BROOKE DE LENCH
>
> By her attorney,
>
> /s/ Lindsey M. Straus /s/
> Lindsey M. Straus, Esquire
> BBO #554181
> Law Office of Lindsey M. Straus
> 110 Court Way
> Brewster, MA 02631
> (508) 896-8008
> lindseystrausoncape@gmail.com

Dated: March 4, 2019

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)

Pursuant to Local Rule 7.1(a)(2), I hereby certify that Plaintiff's counsel has conferred with counsel of record for the Defendant regarding this motion and attempted in good faith to resolve or narrow the issue it presents.

> /Lindsey M. Straus/
> Lindsey M. Straus

### CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2019, I caused the foregoing document to be filed electronically on CM/ECF, thereby causing electronic notice to be provided to all counsel of record and paper copies will be sent to those indicated as nonregistered participants.

> /Lindsey M. Straus
> Lindsey M. Straus

4

5