# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BROOKE C. DE LENCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:     1:18-cv-12549-LTS |
| | ) | |
| KIMBERLY ARCHIE, | ) | |
| | ) | |
| Defendant. | ) | |

## PARTIAL OPPOSITION TO EMERGENCY MOTION
## AND MOTION FOR ADDITIONAL TIME TO RESPOND

Defendant Kimberly Archie, by her undersigned counsel, submits this partial opposition

to Plaintiff's Emergency Motion to Conduct Discovery Prior to the Time Specified in Rule

26(d)(1) (the "Emergency Motion").  Defendant requests until Monday, March 11, 2019, to

respond further to the Emergency Motion.

Plaintiff seeks to subpoena documents from Twitter prior to the initiation of discovery.

Plaintiff has provided no basis for this Emergency Motion to be treated as an emergency, except

as to one of the twelve accounts about which she seeks information.  Plaintiff's Emergency

Motion is particularly inappropriate given that there is a Motion to Dismiss pending which relies

in part on the Massachusetts anti-SLAPP statute, and a major purpose of that statute is to provide

a defendant an opportunity for dismissal prior to discovery.

Plaintiff's Memorandum in support of her Emergency Motion states that she seeks

information related to twelve accounts because "[g]iven Twitter's real-time nature, some

information (e.g. IP logs) may only be kept for a very brief period of time.  Likewise, once an

account has been deactivated, there is a very brief period in which Twitter may be able to access

account information." Memorandum, p. 3.  However, just one of the twelve accounts about

which she seeks information, @danconner76, has been asserted to be deactivated, and it is that

allegedly deactivated account as to which Plaintiff asserts that without early discovery, she will suffer irreparable harm. As Plaintiff acknowledges, any discovery request made prior to the Rule 26(f) conference should be narrowly tailored. *See* Fed. R. Civ. P. 26(d)(1). Plaintiff has instead made a broad request for materials, seeking all data associated with twelve Twitter accounts. Some of the requested accounts are alleged to be controlled by Defendant, so information about those accounts cannot pertain to Plaintiff's stated purpose: "to affirmatively establish that [certain accounts] are not [Plaintiff's] accounts as Defendant has alleged." Memorandum, p. 3.

Defendant does not oppose the portion of the Emergency Motion which seeks data regarding the @danconner76 account, but opposes the remainder of the Emergency Motion as premature and as stating no actual emergency need. The Emergency Motion seeks discovery not just prior to the Rule 26(f) conference, but also prior to Plaintiff providing initial disclosures pursuant to Rule 26(a)(1) and Local Rule 26.2(a).

Defendant further respectfully requests that the Court permit her until March 11, 2019, to respond more fully to Plaintiff's Emergency Motion.

Dated this 7th day of March, 2019.

The Defendant,
KIMBERLY ARCHIE,
By Her Attorneys:

*/s/ Elizabeth S. Zuckerman*
Francis D. Dibble, BBO No. 123220
Mary Ellen MacDonald, BBO No. 641658
Elizabeth S. Zuckerman, BBO No. 673190
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, MA 01115-5507
Tel. (413) 272-6246
Fax (413) 272-6804
fdibble@bulkley.com
mmacdonald@bulkley.com
ezuckerman@bulkley.com

3071745v1

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2019, I caused the foregoing document to be filed electronically on CM/ECF, thereby causing electronic notice to be provided to all counsel of record and paper copies will be sent to those indicated as nonregistered participants.

*/s/ Elizabeth S. Zuckerman*
Elizabeth S. Zuckerman

3071745v1