UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKE C. DE LENCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.:   1:18-cv-12549-LTS |
| | ) |
| KIMBERLY ARCHIE, | ) |
| | ) |
| Defendant. | ) |

## FURTHER OPPOSITION TO EMERGENCY MOTION

Defendant Kimberly Archie, by her undersigned counsel, as authorized by this Court's order of March 7, 2019, submits this further opposition to Plaintiff's Emergency Motion to Conduct Discovery Prior to the Time Specified in Rule 26(d)(1) (the "Emergency Motion"). The Emergency Motion fails to set forth any actual emergency which it seeks to address for eleven of the twelve Twitter accounts about which Plaintiff seeks information ("the Accounts"), fails to set forth any proper purpose for the discovery as to half of the Accounts, and ignores both the fact that much of the information Plaintiff apparently seeks is available by less intrusive means, and that some of it has already been provided.

Early discovery is limited to unusual circumstances and requests for early discovery are to be narrowly tailored to address urgent needs. *Laughlin v. Orthofix Intern., N.V.,* 293 F.R.D. 40, 41-42 (D. Mass. 2013) ("The First Circuit has not addressed the proper standard to determine whether 'good cause' exists to justify discovery of the sort contemplated by Relator. However, a majority of district courts—including this district—have applied the 'reasonableness' standard….Under the 'reasonableness' test, the factors courts consider include: the purpose for the discovery; the need for the discovery to prevent irreparable harm; the plaintiff's likelihood of success on the merits; the burden of discovery on the defendant; and the degree of prematurity").

Furthermore, "[t]he majority of courts have held, however, that the fact that [as here] there was no pending preliminary injunction motion weighed against allowing plaintiff's motion for expedited discovery." *Momenta Pharmaceuticals, Inc. v. Teva Pharmaceuticals Indus., Ltd.*, 765 F.Supp.2d 87, 89 (D. Mass. 2011).

As for 11 of the 12 Accounts about which data was sought, Plaintiff provided no reason to believe the data was in danger of being lost, and therefore no showing of the potential for irreparable harm. As to the first factor in the reasonableness test, purpose, Plaintiff has represented that she wanted to prove she was not in control of certain accounts, presumably to establish that linking her to those accounts was untrue, for the purpose of her defamation claim. Yet for six of the accounts for which she has subpoenaed data, she has alleged Ms. Archie controls the accounts or there has been no allegation the accounts have anything to do with Plaintiff, or both. As a result, data on those accounts <u>could</u> not be used as Plaintiff represented she intends to use it – to demonstrate her non-control of the accounts – but instead would only serve purposes such as making additional claims against Ms. Archie, or, potentially, making claims against other people.[1]  In other words, Plaintiff seeks this data apparently to expand the scope of the litigation, not to prove her current claim. This is not the type of purpose Plaintiff represented she had, nor is it a proper purpose for the narrowly tailored discovery available prior to a Rule 26(f) conference. Instead, it proposes to allow Plaintiff to continue a pattern of using

---

[1] As Ms. Archie set forth in her affidavit in support of her Motion to Dismiss ("Archie Aff."), she has a reasonable basis to believe that Plaintiff is attempting to use litigation, or threats thereof, to silence Plaintiff's critics in the public debate over Chronic Traumatic Encephalopathy ("CTE") and its incidence and causation. Ms. Archie's pending anti-SLAPP motion and memorandum in support thereof describe the role this debate has played as context for all of the allegedly defamatory statements. As a result of the vigorous debate over CTE, and Plaintiff's pattern of attempting to use the legal system to intimidate critics, *see* Archie Aff., ¶ 18, Exh. 14, Ms. Archie reasonably fears that Plaintiff will use whatever data she may glean from the subpoena to target Ms. Archie's professional allies in her campaign to raise awareness of CTE and the risk of it presented by contact sports.

legal threats to silence critics, a pattern Ms. Archie laid out in her Motion to Dismiss, and it proposes to allow Plaintiff to do so outside the normal time for discovery. As to the remaining factors, the subpoena will invade the privacy of third parties to this litigation and do so upon no notice. *See Patrick Collins, Inc. v. Does 1-79*, 286 F.R.D. 160, 166–67 (D. Mass. 2012). It will also do so when Plaintiff has not even made initial disclosures under Local Rule 26.2. *MAZ Partners, LP v. Shear*, No. CV 11-11099-GAO, 2011 WL 13254246, at *7, n.10 (D. Mass. Sept. 2, 2011)(Noting in the case of an expedited discovery order issued in Superior Court before removal, "In any event, pursuant to L.R. 26.2(A), a party may not initiate discovery before it has provided to other parties the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)").

Finally, even had Plaintiff acknowledged in her that Motion she wished to determine whether Ms. Archie controlled or had access to certain accounts (which she failed to do but instead sought that information with no acknowledgment of her apparent purpose), a subpoena was not necessary. Plaintiff could have obtained that information from Ms. Archie, without any risk of invading the privacy of third parties by subpoenaing their data from Twitter. *Cf Patrick Collins*, 286 F.R.D. at 163 ("[H]ere there is good cause for expedited discovery because the Plaintiff has no other means of determining the identity of its defendants"). In fact, with respect to some of the Accounts, Ms. Archie has already acknowledged ownership or control in her Motion to Dismiss, and therefore Plaintiff already has the information she purportedly seeks on an emergency basis. *See Momenta,* 765 F.Supp.2d at 89 ("Momenta has had the opportunity to obtain at least some information since filing its motion. In a letter to plaintiffs' counsel, Teva stated that it did not oppose expedited discovery provided that it was mutual and limited. Momenta declined that proposal. The fact that Momenta had that opportunity undermines its claim that Court-ordered expedited discovery is necessary").

In the event that the Court does not quash or modify the existing subpoena, as Ms. Archie asks that it do, Ms. Archie respectfully requests that any information provided by Twitter pursuant to the subpoena issued on March 7, 2019, be deposited with the Court rather than with Plaintiff's counsel.  As set forth in the Memorandum in Support of Motion to Dismiss and accompanying Affidavit of Kimberly Archie, Plaintiff's counsel has participated personally in the debate over CTE which underlies all of the complained-of statements, and as a result, Plaintiff's counsel may be a fact witness (and withdraw as counsel).  Therefore, Ms. Archie respectfully requests that any materials provided pursuant to the subpoena be delivered unopened to the Court and held by the Court until further order.

Dated this 11th day of March, 2019.

> The Defendant,
> KIMBERLY ARCHIE,
> By Her Attorneys:
>
> /s/ Elizabeth S. Zuckerman
> Francis D. Dibble, BBO No. 123220
> Mary Ellen MacDonald, BBO No. 641658
> Elizabeth S. Zuckerman, BBO No. 673190
> Bulkley, Richardson and Gelinas, LLP
> 1500 Main Street, Suite 2700
> P.O. Box 15507
> Springfield, MA 01115-5507
> Tel. (413) 272-6246
> Fax (413) 272-6804
> fdibble@bulkley.com
> mmacdonald@bulkley.com
> ezuckerman@bulkley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2019, I caused the foregoing document to be filed electronically on CM/ECF, thereby causing electronic notice to be provided to all counsel of record and paper copies will be sent to those indicated as nonregistered participants.

> /s/ Elizabeth S. Zuckerman
> Elizabeth S. Zuckerman