UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BROOKE DE LENCH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 18-12549-LTS |
| KIMBERLY ARCHIE, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON MOTIONS TO DISMISS COUNTERCLAIMS

April 2, 2020

SOROKIN, J.

Previously, Kimberly Archie requested that this Court dismiss Brooke De Lench's claims of defamation both for failure to state a claim and under the Massachusetts anti-SLAPP statute. Doc. No. 25. The Court denied that motion. Doc. No. 38. Archie then answered and counterclaimed, asserting defamation, intentional infliction of emotional distress ("IIED"), and abuse of process (as to the filing of this lawsuit). Doc. No. 47. She directs her counterclaims not only at De Lench, but also at MomsTEAM Institute, Inc. (a non-profit organization of which De Lench is the director) and Lindsey Straus (De Lench's attorney). Id. Now, De Lench, MomsTEAM, and Straus move to dismiss Archie's counterclaims both for failure to state a claim and under the Massachusetts Anti-SLAPP statute. Doc. Nos. 51, 59, 60. The Court heard argument on these motions on March 16, 2020 and took them under advisement. Doc. No. 75.

The Court hereby incorporates and applies the legal standards set forth in its prior decision. Applying those principles to the pending motions to dismiss, the motions are DENIED for the following reasons.

Archie alleges all three of her counterclaims against De Lench, who seeks dismissal of each counterclaim.  Doc. Nos. 51, 52.  De Lench's request to dismiss the counterclaims for defamation and IIED is denied because the specific factual allegations, drawing all reasonable inferences in Archie's favor, plausibly allege each claim.  Three points bear mention.  First, at most the statute of limitations would preclude judgment upon one or two of the statements over which the parties dispute; in no event does the statute of limitations suffice to bar the entire claim.  In any event, counsel for Archie made clear at the hearing that Archie does not seek judgment on untimely statements.  Second, while Archie does not allege specifically the words "actual malice" on the part of De Lench, the factual allegations, again drawing all reasonable inferences in Archie's favor as required at this stage, permit a plausible reasonable inference of actual malice.  Third, the totality of the specific factual allegations over a lengthy period of time permit a plausible reasonable inference of the type of outrageous conduct encompassed by the tort of IIED.

Turning to Archie's abuse of process claim, De Lench first seeks its dismissal under the Massachusetts anti-SLAPP statute.  However, much of the challenged conduct, including meta-tags designed to influence internet search results about Archie, Doc. No. 53 at 16, see also Doc. No. 34 ¶ 10, is too far removed from this case to qualify as a statement "made in connection with an issue under consideration or review . . . by a judicial body."  Mass. Gen. Laws ch. 231, § 59H.  Thus, the anti-SLAPP statute does not permit dismissal.  Turning to the merits, Archie plausibly alleges her abuse of process counterclaim—all that is required at this stage of the case—most specifically by alleging an effort to defeat, to undermine, or to gain an advantage, unrelated to this case, over a person De Lench herself has allegedly described as running a "competitive organization."  Accordingly, the Court DENIES De Lench's Motion to Dismiss.

Archie alleges defamation and abuse of process against MomsTEAM, which separately moves to dismiss. Doc. Nos. 60, 62. This separate request is DENIED for the reasons stated above as to De Lench. Whether the statements and actions taken by De Lench were the authorized statements and actions of MomsTEAM—or whether MomsTEAM is otherwise vicariously liable for such statements and actions—presents questions of fact not susceptible to resolution on a motion to dismiss, in light of the factual allegations plausibly supporting the counterclaims. Thus, the Court DENIES MomsTEAM's Motion to Dismiss.

Finally, Archie also alleges defamation and abuse of process against Straus, who also seeks dismissal. Doc. Nos. 59, 61. In addition to her role as plaintiff's counsel in this case, according to the factual allegations made by Archie, Straus serves as a board member of MomsTEAM, contributes to MomsTEAM as a writer, has represented MomsTEAM at least once in threatening legal action, and is De Lench's former spouse.[1] Archie also alleges a GoFundMe campaign run by De Lench and Straus commenced after issuance of a press release listing Straus as the contact person. Thus, this is the unusual case in which counsel, according to factual allegations the Court must credit at this stage, has: engaged in substantial, long-standing professional activities with the plaintiff, beyond her role as an attorney; and has a substantial, long-standing personal relationship with the plaintiff. In these atypical circumstances, the factual allegations pertinent to this counterclaim—which largely, if not entirely, arise from activities after the filing of this lawsuit—plausibly support an abuse of process claim against Straus for the reasons articulated above as to De Lench.

---

[1] Without regard to the counterclaims asserted against her, Attorney Straus has candidly and properly advised the Court and the parties that she is securing separate counsel to conduct the trial in this matter, because she might well be a witness as to damages.

The defamation claim against Straus, though arising from a much narrower set of statements than the same counterclaim against De Lench, nonetheless survives at this preliminary stage for the reasons explained above.  Simply put, the Answer and Counterclaim, and in particular the factual allegations set forth in paragraphs 76 through 78, sufficiently alleges a statement that both includes an assertion of fact and at least plausibly tends to injure Archie's reputation.  Accordingly, Straus's Motion to Dismiss is DENIED.

As was true when the Court considered the challenge to De Lench's claims, the Court is not now considering and does not now decide whether some or all of these claims will prevail on the complete factual record at trial or, in the event of a motion for summary judgment, will survive such a motion.

The Court reminds the parties that the April 5, 2021 trial date remains firm.  In light of the current coronavirus pandemic, the Court encourages the parties to avail themselves of video technology for meetings, depositions, and other communication and interactions arising in the discovery process.  <u>The parties shall file a joint status report within fourteen days setting forth their joint or separate positions as to whether the governing schedule requires adjustment, as well as any other matter the parties wish to bring to the Court's attention</u>.

                                            SO ORDERED.

                                     <u>/s/ Leo T. Sorokin</u>
                                     United States District Judge